**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BLOCKTREE PROPERTIES, LLC, a Washington limited liability company; CYTLINE, LLC, a Delaware limited liability company; 509 MINE, LLC, a Washington limited liability company; MIM INVESTORS, LLC, a Washington limited liability company; MINERS UNITED, LLC, a Washington limited liability company; MARK VARGAS, an individual; WEHASH TECHNOLOGY, LLP, a Washington limited liability company;<br><br>       Plaintiffs-Appellants,<br><br>  v.<br><br>PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY WASHINGTON, a Washington municipal corporation; TERRY BREWER, individually and in his official capacity; BOB BERND, individually and in his official capacity; DALE WALKER, individually and in his official capacity; TOM FLINT, individually and in his official capacity; LARRY SCHAAPMAN, individually and | No. 19-35277<br><br>D.C. No. 2:18-cv-00390-RMP<br><br>MEMORANDUM[*] |

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

in his official capacity; DOES 1-10, managers and employees of Grant PUD, individually and in their official capacities,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted October 23, 2019
Seattle, Washington

Before: IKUTA and BENNETT, Circuit Judges, and RAKOFF,[**] District Judge.

Plaintiffs-Appellants Blocktree Properties, LLC; Cytline, LLC; 509 Mine, LLC; MIM Investors, LLC; Miners United, LLC; Mark Vargas; and WeHash Technology, LLC, are a group of technology firms and an individual that provide verification and security services for blockchain-based cryptocurrencies. Defendants are Grant County Public Utility District No. 2, its Commissioners, and staff (collectively, "the District"), which provide electricity to, among others, the plaintiffs. The District recently promulgated a new, more expensive electrical rate class for "Evolving Industries" ("RS-17") and applied it to plaintiffs. Plaintiffs appeal the district court's denial of their motion for a preliminary injunction

---

[**]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

barring implementation of RS-17 for the duration of this litigation. Because plaintiffs have not shown a likelihood of irreparable harm, the court affirms this denial.

A plaintiff seeking a preliminary injunction must demonstrate that irreparable injury is likely in the absence of an injunction. *Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 20 (2008). Simple monetary harm does not constitute an immediate threat of irreparable harm. *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980). Although a legitimate threat that a company might face bankruptcy or be driven out of business may constitute irreparable harm, *see Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932 (1975); *Am. Passage Media Corp. v. Cass Comm'ns, Inc.*, 750 F.2d 1470, 1474 (9th Cir. 1985), plaintiffs here failed to introduce anything other than conclusory declarations to support their claim that RS-17 would drive them out of business or cause them to suffer harm beyond monetary damages. Thus, the district court did not err in denying the preliminary injunction motion.

Although it does not alter our affirmance, we note that the district court overread *Yakama Nation v. Pub. Util. Dist. No. 2 of Grant Cty., Wash.*, 101 FERC ¶ 61,197 (2002), 2002 WL 31990298. While not entirely clear, *Yakama Nation* is best read as holding that the Federal Energy Regulatory Commission has no

jurisdiction to enforce Section 20 of the Federal Power Act ("FPA"), 16 U.S.C. § 813, over Grant County, rather than holding that Section 20 does not apply to Grant County. *Id.* ¶ 19.

**AFFIRMED.**